**FILED**
JUL 14 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>Jovann Alfredo ALONSO-Perez (4),<br><br>Defendant. | Magistrate Case No. 08MJ8603<br><br>FINDINGS OF FACT AND<br>ORDER OF DETENTION |

In accordance with § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 et seq.), a detention hearing was held on July 10, 2008, to determine whether defendant Jovann Alfredo ALONSO-Perez should be held in custody pending trial on the grounds that he is a flight risk. Assistant U. S. Attorney Karla K. Davis appeared on behalf of the United States. Court-appointed counsel Lynn H. Ball appeared on behalf of the Defendant.

Based on the evidence proffered by the United States and the Defendant, the pretrial services report, and the amended criminal complaint issued against the Defendant on July 7, 2008, by this Court, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the Defendant required.

///
///
///
///

I

## FINDINGS OF FACT

A. <u>Nature and Circumstances of the Offense Charged (18 U.S.C. §3142(G)(1)</u>

1. The Defendant is charged in Criminal Complaint No. 08MJ8603 with conspiracy to import 971.20 pounds of marijuana in violation of 21 U.S.C. §§ 952, 960, and 963. Therefore, probable cause exists to believe the Defendant committed the charged offense.

2. The charged offense is an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Uniform Controlled Substances Act (21 U.S.C.§ 801 et seq.). Thus, there arises a presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required. See 18 U.S.C. § 3142(e).

3. The offense carries with it a minimum mandatory 5-year sentence and a maximum 40 years. See 21 U.S.C. § 960(b)(2)(B). According to the United States Sentencing Guidelines, the Base Offense level is 28. See USSG § 2D1.1. Assuming the Defendant's criminal history score places him in Criminal History Category I, see USSG § 4A1.1, the sentencing range for the Defendant is 78-97 months in prison.

B. <u>Weight of the Evidence Against the Defendant (18 U.S.C. § 3142(g)(2):</u>

1. Defendant ALONSO-Perez(ALONSO) conspired in the importation of 971.20 pounds of marijuana by acting as a scout for Defendant Jorge MONTES-Leyva(MONTES), who was going to drive a red 2001 Jeep Cherokee into the United States. ALONSO was the passenger in the scout vehicle that MIRAMONTES was driving. ALONSO stated that MIRAMONTES was going to pay him for his role in the smuggling venture.

C. <u>History and Characteristics of the Defendant (18 U.S.C. § 3142(G)(3):</u>

1. The Defendant is a citizen of Mexico.
2. The Defendant resides in Mexicali, Baja California, Mexico.
3. The Defendant has an aunt residing in Calexico, California.
4. The Defendant is a Resident Alien of the United States but is in danger of losing his immigration status if convicted of this offense.

D.  <u>Nature and Seriousness of Danger Posed by Release (18 U.S.C. § 3142(g)(4)</u>:

1.  The government proffered no evidence to suggest that release of the Defendant would pose a danger to any person or the community. The Defendant does not have any criminal history.

II

REASONS FOR DETENTION

A.  There is probable cause to believe that the Defendant committed the offense charged in the Criminal Complaint No. 08MJ8603, to wit: conspiracy to import 971.20 pounds of marijuana in violation of 21 U.S.C. §§ 952, 960, and 963.

B.  The Defendant faces a substantial period of time in custody if convicted of the offense charged in the Complaint. He therefore has a strong motive to flee.

C.  The Defendant has not rebutted the presumption, based upon the Court's findings that there is probable cause to believe that the Defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.), that no condition or combination of conditions will reasonably assure the appearance of the Defendant at future court proceedings.

III

ORDER

IT IS HEREBY ORDERED that the Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that the Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

///

///

///

///

///

///

3

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and government counsel.

THIS ORDER IS ENTERED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED: July 14, 2008.

PETER C. LEWIS
UNITED STATES MAGISTRATE JUDGE

Prepared by:

KAREN P. HEWITT
United States Attorney

KARLA K. DAVIS
Assistant U. S. Attorney

cc:   Lynn H. Ball
      Counsel for Defendant