1  LYNN H. BALL, ESQ.
   Bar No. 056497
2  1560 Scott Street
   San Diego, CA 92106-2333
3  (619) 225-1914
   (619) 225-1720 - Fax
4
   Attorney for Defendant Jovann Alonso-Perez
5

6

7

8                 IN THE UNITED STATES DISTRICT COURT

9              FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,          )    Crim. Case No.  08-CR-2352-LAB
                                       )
12                   Plaintiff,        )    **NOTICE OF MOTION AND MOTION**
                                       )    **FOR DISCOVERY; MOTION TO**
13  vs.                                )    **SUPPRESS BECAUSE OF ILLEGAL**
                                       )    **STOP (ILLEGAL SEIZURE) AND**
14  JOVANN ALONSO-PEREZ,               )    **TO SUPPRESS STATEMENTS OF**
                                       )    **DEFENDANT ALONSO BECAUSE**
15                   Defendant.        )    **OF COERCION OF DEFENDANT**
                                       )    **ALONSO**
16                                     )
                                       )
17                                     )    Date:  August 25, 2008
                                       )    Time:  2:00 p.m.
18  _____)    Department:  Judge Burns

19

20       TO: UNITED STATES ATTORNEY KAREN P. HEWITT AND HER ASSISTANT,
21  DAVID D. LESHNER

22       PLEASE TAKE NOTICE that on th 25th day of August, 2008, at 2:00 p.m., or as soon

23  thereafter as it may be heard, Defendant Jovann Alonso-Perez, through his attorney, will move this

24  Court for discovery, to suppress because of illegal stop (illegal seizure) and to suppress statements

25  of Defendant Alonso because of coercion of Defendant Alonso, and for leave to file additional

26  motions.

27  / /

28

1

This Motion is based upon the attached Points and Authorities filed herewith.

2

Respectfully submitted,

3

*s/Lynn H. Ball*

Date: <u>August 11, 2008</u>

4

Lynn H. Ball
Attorney for Defendant Jovann Alonso-Perez
E-mail: lhball@sbcglobal.net

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-                                08-CR-2352-LAB

1

LYNN H. BALL, ESQ.
Bar No. 056497

2

1560 Scott Street
San Diego, CA 92106-2333

3

(619) 225-1914
(619) 225-1720 - Fax

4

Attorney for Defendant Jovann Alonso-Perez

5

6

7

8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

11

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Crim. Case No. 08-CR-2352-LAB |
| | ) | |
| Plaintiff, | ) | **POINTS AND AUTHORITIES IN** |
| | ) | **SUPPORT OF MOTION FOR** |
| vs. | ) | **DISCOVERY** |
| | ) | |
| JOVANN ALONSO-PEREZ, | ) | |
| | ) | |
| Defendant. | ) | Date:  August 25, 2008 |
| | ) | Time:  2:00 p.m. |
| | ) | Department:  Judge Burns |

12

13

14

15

16

17

18

19

STATEMENT OF FACTS

20

On July 4th at about 10:30 p.m., Defendant Jovann Alfredo Alonso-Perez was a passenger

21

in a 1992 Lexus being driven by co-defendant Aldo Miramontes.   Another passenger was a

22

fourteen-year old cousin of Jovann Alonso named José Daniel Torres-Alonso.   Suddenly, lights

23

were flashed on as they were driving in Highway 111 and a Jeep full of ICE and Customs Agents

24

pulled over the Lexus and the Lexus promptly stopped.   The doors were opened and several ICE

25

officers jerked all the passengers out, threw them on the ground and handcuffed them.   They were

26

taken to headquarters in El Centro, held in jail cells and subsequently, the juvenile was released

27

sometime after midnight.  Defendant Jovann Alonso was questioned at least twice and gave a

28

statement allegedly stating that he was part of the scout vehicle for a marijuana-smuggling operation.

Defendant Alonso contends that he had told the agents that he was part of a scout vehicle only as a result of coercion and pressure and that in fact, he knew nothing about the marijuana. The discovery provided to date only says in very summary fashion that it was determined that the Lexus was the scout vehicle and was therefore stopped and the occupants arrested; however, there are no facts stated indicating what facts gave the officers reasonable cause to believe that the Lexus was a scout vehicle.

<u>I. MOTION FOR DISCOVERY</u>

Mr. Alonso-Perez moves for production by the government of:

1. Copies of any written or recorded statements he made; the substance of any statements made by him which the government intends to offer in evidence at trial; defendant's prior record, if it has not already been provided in its entirety; any books, papers, documents, photographs, tangible objects, or copies or portions thereof which the government intends to use as evidence-in-chief at trial; all notes of the arresting agents. Mr. Alonso-Perez also specifically requests that all arrest reports which relate to the circumstances surrounding his arrest or any questioning, if such reports have not already been produced in their entirety, be turned over to him. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of Mr. Alonso-Perez are contained. This also includes the substance of any oral statements which the government intends to introduce at trial and any written summaries of defendant's statements, summaries of the defendant's oral statements contained in the handwritten notes of the government agent. This is all discoverable under *Federal Rule of Criminal Procedure* Section 16(A)(1)(a) and *Brady v. Maryland*, 373 U.S. 83 (1963).

Mr. Alonso-Perez also requests any response to any *Miranda* warnings which may have been given to him on the day of his arrest. See *United States v. McElroy*, 697 F. 2nd 459 (2nd Cir. 1982).

2.  All documents, statements, agents reports, and tangible evidence favorable to Mr. Alonso-Perez the issue of guilt and/or which affect the credibility of the government's case.  This evidence must be produced pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and *United States v. Agurs*, 427 U.S. 97 (1976).

3.  All evidence, documents, records of judgments, convictions, photographs and tangible evidence, and information pertaining to any prior arrests and convictions for prior bad acts. Evidence of prior record is available under *Federal Rule of Criminal Procedure* 16(A)(1)(b); evidence of prior similar actions discoverable under *Federal Rule of Criminal Procedure* 16(A)(1)(c) and *Federal Evidence Code* Section 404(b) and 609;

Mr. Alonso-Perez also requests the government to be ordered to provide discovery of any prior similar acts which the government intends to introduce into evidence pursuant to *Federal Rule of Evidence* 404(b).  Mr. Alonso-Perez must have access to this information in order to make appropriate motions to exclude the use of such evidence at trial.  See *United States v. Cook*, 609 F. 2nd 1174 (9th Cir. 1985).

Mr. Alonso-Perez requests a pretrial conference on the morning of trial in order to resolve any issues raised by the government's intention of introducing evidence pursuant to *Federal Rule of Evidence* Sections 404 and 609.

4.  All evidence seized as a result of any search, either warrantless or with warrant, in this case.  This is available under *Federal Rule of Criminal Procedure* 16(A)(1)(c).

5.  All arrest reports, investigator's notes, memos from arresting officers, sworn statements, and prosecution reports pertaining to Mr. Alonso-Perez, including any photo spread shown to witnesses.  These are available under *Federal Rule of Criminal Procedure* 16(A)(1)(b) and (c), *Federal Rule of Criminal Procedure* 26.2 and 12(i).

6.  All of the documents and tangible objects, including photographs, books, papers, documents, videotapes, or buildings or places or copies of portions thereof which are material to Mr. Alonso-Perez's defense or intended to be used in the government's case-in-chief or were obtained from or belonged to Mr. Alonso-Perez.

-3-                         Case No. 08-CR-2352-LAB

7.  The personnel file of the interviewing agents containing any complaints of assaults, abuse of discretion and authority and/or false arrests.

8.  Any evidence that any prospective government witness is biased or prejudiced against the defendant, has a motive to falsify or distort his or her testimony.  See *Pennsylvania v. Richie*, 480 U.S. 39 (1987).

9.  Any evidence that any prospective government witness has engaged in any criminal act, whether or not resulting in a conviction.  See Rule 608(b) *Federal Rules of Evidence* and *Brady v. Maryland, supra*.

10.  Any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct.  See *United States v. Chittey*, 760 F. 2nd 425 (2nd Cir. 1985).

11.  Any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witnesses' ability to perceive, remember, communicate, or testify is impaired; and any evidence that a witness has ever used narcotics or other controlled substances, or has ever been an alcoholic.  *See United States v. Strifler*, 851 F. 2nd 1197 (9th Cir. 1988) and *Chavis v. North Carolina*, 637 F. 2nd 213, 224 (4th Cir. 1980).

12.  The name and last known address of each prospective government witness.  See *United States v. Napue,* 834 F. 2nd 1311 (7th Cir. 1987).

13.  The name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a government witness.  *United States v. Cadet*, 727 F. 2nd 1453 (9th Cir. 1984).

14.  The name of any witness who made an arguably favorable statement concerning the defendant or who could not identify him or who was unsure of his identity or participation in the crime charged.  See *Jackson v. Wainright*, 390 F. 2nd 288 (5th Cir. 1968).

15. The defendant requests disclosure of any statement that may be relevant to any possible defense or a contention that he may assert.  *United States v. Bailleaux*, 685 F. 2nd 1105 (9th Cir. 1982).

16.  All material to which defendant is entitled pursuant to 18 *U.S.C.* Section 3500, including any tape recordings made by the government of any material witnesses.  Defendant is also entitled to these tape recordings if they prove exculpatory pursuant to *Brady v. Maryland, supra*.

17.  Pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), Mr. Alonso-Perez requests all statements and/or promises, express or implied, made to any government witnesses, in exchange for their testimony in this case.

With respect to any informant or witness that the government intends to rely upon at trial, Mr. Alonso-Perez requests the disclosure of the following impeaching information.  See *United States v. Brumell Alvarez,* 991 F. 2nd 1452 (9th Cir. 1992).

1.  Any and all records and information reviewing prior felony convictions, convictions for a crime involving false statements or dishonesty, any juvenile adjudications attributed to the informant, including, but not limited to, relevant rap sheets.  See *United States v. Alvarez-Lopez*, 559 F. 2nd 1155 (9th Cir. 1977).

2.  Any and all records and information revealing prior misconduct or bad acts attributed to any material witness, including, but not limited to, any acts of misconduct conducted by him or her. See *Federal Rule of Evidence* 608(B)(3).

3.  Any and all consideration or promises of consideration given to the informant/material witness or expected or hoped for by him.  By consideration, defendant refers to absolutely anything, whether bargained for or not, which arguably could be of value or use to him or to persons of concern to him.  This request includes, but is not limited to, formal or informal or indirect and direct compensation, favorable treatment or recommendations or other assistance with respect to any pending or potential criminal, parole, probation, pardon, clemency, civil, tax court, IRS, court of claims, administrative or other dispute in the United States.

Consideration also encompasses any favorable treatment or recommendations with respect to criminal, civil or tax immunity grants, relief from forfeiture, payments of money, permission to keep fruits of criminal activity, including cash, vehicles, aircraft, rewards or fees, witness fees and

Case No. 08-CR-2352-LAB

special witness fees, provisions of food, clothing, shelter, transportation, legal services or other benefits, placement in a witness protection program and anything else that arguably could reveal an interest, motive or bias in them in favor of the government or against the defense or which could act as inducement to testify or to color testimony. See *Bagley v. Lumpkin,* 719 F. 2nd at 1462.

4.   Any and all threats, express or implied, direct or indirect or other coercion made or directed against any informant/material witness, criminal prosecutions, investigations, or potential prosecutions pending, or which could be brought against them, any probationary, parole, deferred prosecution or custodial status of the witness and any civil, tax court, court of claims, administrative, or other pending or potential legal disputes or transactions with the government over which the government has a real, apparent, or perceived influence. See *Davis v. Alaska,* 415 U.S. 308 (1974).

5.   The existence and identification of each occasion on which any informant has testified before the court, grand jury, or other tribunal or body in connection with this or other similar cases. See *United States v. Alvarez-Lopez*, 521 F. 2nd 556 (8th Cir. 1975).

6.   Any and all records and information which arguably could be helpful or useful to the defense in impeaching or otherwise detracting from the probative force of the government's evidence or which arguably could lead to such records or such information. This request includes any evidence tending to show the narcotic habits of any informant at the time of relevant events, and the informant's personal dislike of the defendant. See *Guam v. De la Rosa*, 438 F. 2nd 396.

7.   The names and criminal numbers of any and all other criminal cases, state or federal, in which any informant has been involved, either as an informant or as defendant. Mr. Alonso-Perez is making these multiple requests because, in order to properly prepare a defense in this matter, it is important that the defense be aware of all information related to the informant's credibility and background. See *Giglio v. United States, supra*.

8.   Request that all evidence be preserved. It is specifically requested that all evidence be preserved. It is specifically requested that in the event that the government does desire the destruction of evidence, that defense be informed in writing, that the defense have an opportunity

1  to inspect the evidence, that the defense have the opportunity to object to the destruction of the

2  evidence.  It is the contention of the defense that in the event that the government fails to notify the

3  defense of the destruction of the evidence, that said destruction will be in bad faith and if the

4  government fails to give the defense an opportunity to seek a court order of the preservation of the

5  evidence, that said destruction would be in bad faith.

6                                              Respectfully submitted,

7                                              *s/Lynn H. Ball*

8  Date: <u>August 11, 2008</u>

9                                              _____
                                               Lynn H. Ball
10                                             Attorney for Jovann Alonso-Perez
                                               E-mail: lhball@sbcglobal.net

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   LYNN H. BALL, ESQ.
Bar No. 056497
2   1560 Scott Street
San Diego, CA 92106-2333
3   (619) 225-1914
(619) 225-1720 - Fax
4

Attorney for Defendant Jovann Alonso-Perez
5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9           FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

| | | |
|---|---|---|
| 11 | UNITED STATES OF AMERICA,    ) | Crim. Case No. 08-CR-2352-LAB |
| 12 | Plaintiff,    ) | **POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO** |
| 13 | vs.    ) | **SUPPRESS BECAUSE OF ILLEGAL STOP (ILLEGAL SEIZURE) AND** |
| 14 | JOVANN ALONSO-PEREZ,    ) | **MOTION TO SUPPRESS STATEMENTS OF DEFENDANT** |
| 15 | Defendant.    ) | **ALONSO BECAUSE OF COERCION OF DEFENDANT ALONSO** |
| 16 | ) | |
| 17 | ) | Date:  August 25, 2008 |
| 18 | _____) | Time:  2:00 p.m.<br>Department:  Judge Burns |

19                     STATEMENT OF FACTS

20         On July 4th at about 10:30 p.m., Defendant Jovann Alfredo Alonso-Perez was a passenger

21   in a 1992 Lexus being driven by co-defendant Aldo Miramontes.  Another passenger was a

22   fourteen-year old cousin of Jovann Alonso named José Daniel Torres-Alonso.  Suddenly, lights

23   were flashed on as they were driving in Highway 111 and a Jeep full of ICE and Customs Agents

24   pulled over the Lexus and the Lexus promptly stopped.  The doors were opened and several ICE

25   officers jerked all the passengers out, threw them on the ground and handcuffed them.  They were

26   taken to headquarters in El Centro, held in jail cells and subsequently, the juvenile was released

27   sometime after midnight.  Defendant Jovann Alonso was questioned at least twice and gave a

28

1    statement allegedly stating that he was part of the scout vehicle for a marijuana-smuggling

2    operation.

3          Defendant Alonso contends that he had told the agents that he was part of a scout vehicle

4    only as a result of coercion and pressure and that in fact, he knew nothing about the marijuana.  The

5    discovery provided to date only says in very summary fashion that it was determined that the Lexus

6    was the scout vehicle and was therefore stopped and the occupants arrested; however, there are no

7    facts stated indicating what facts gave the officers reasonable cause to believe that the Lexus was

8    a scout vehicle.

9                    I. MOTION TO SUPPRESS FOR ILLEGAL SEIZURE OF VEHICLE.

10          Stops of a vehicle can be considered seizures in accorded Fourth Amendment protection

11   even though the purpose of the stop is limited and the resulting detention quite brief.  See *Delaware*

12   *v. Prouse*, 440 U.S. 648, 653 (1979) *U.S. v. Sharpe*, 470 U.S. 655, 682 (1985).

13          As with pedestrian stops, a vehicle stop must be supported by a reasonable suspicion and

14   analyzed under the framework established by *Terry v. Ohio*.  See *U.S. v. Chavez*, 993 F. 2d 431,

15   434 (5th Cir. 1993).  See also *Prouse*, <u>*supra*</u>, 440 U.S. at 663.

16          In the instant case, it appears that there was not just a temporary detention of the vehicle;

17   rather there was a stop and an immediate seizure of all occupants of the vehicle who were taken

18   into custody.

19          The government has the burden of showing that the government had not only reasonable

20   suspicion to stop the vehicle, but probable cause to believe that the occupants of the vehicle were

21   engaged in specific criminal activity; that is, acting as a scout vehicle for the marijuana-laden

22   vehicle.

23

24          In the event that there is insufficient evidence of either reasonable suspicion or in fact

25   probable cause to make such arrest, then any subsequent statements or evidence deduced as a result

26   of this seizure must be suppressed.

27   / / /

28                                        -2-                    Case No. 08-CR-2352-LAB

## II.  THE STATEMENTS OF JOVANN ALSONO-PEREZ MUST BE SUPPRESSED, AS THEY WERE INVOLUNTARY AND AS A  RESULT OF LAW ENFORCEMENT COERCION.

Defense counsel is aware of its obligation to provide a Declaration of the defendant and said Declaration will be subsequently filed.  Unfortunately, the defendant has been held this entire time at Imperial County Jail and because of summer schedule and vacation, defendant counsel has only had one opportunity to talk with Mr. Alonso.

The conditions at ICJ for interviewing defendants is abominable.  There is no privacy and one must talk to an individual over a telephone and because of the nature of the glass, you cannot really even see the individual or look into their eyes or do any kind of reasonable interview of the defendant.

Once defendant Alonso is at either GEO or the MCC or some other place where there can be a contact visit, then a detailed interview with the assistance of an interpreter can be conducted and a Declaration prepared for the defendant.

In any event, in order to comply with the court's rules with regard to timeliness in motions, defense counsel at this time moves to suppress the statement of Defendant Alonso as being involuntary pursuant to and as a result of coercion and alleges the inculpatory statement of Alonso was not a voluntary statement and not the product of an essentially free and unconstrained choice by its maker.  See *Coloazo v. Estelle*, 940 F. 2d at 416, quoting *Culombe v. Connecticut*, 367 U.S. 568, 602 (1961).

The government bears the burden of proving that the statement is voluntary by a preponderance of the evidence.  See *Connelly,* 479 U.S. at 168.

The Supreme Court has held that coercive police activity is a necessary predicate to the finding that a confession is not voluntary within the meaning of the due process clause of the Fourteenth Amendment.  See *Colorado v. Connelly,* 479 U.S. 157, 167 (1986).

The determination of voluntariness of a confession or admission requires consideration of the "totality of circumstances" including personal history, level of educational attainment and

1  physical condition of the accused, as well as the circumstances of the police officers eliciting the

2  statement.   See Crane, 476 at 691.

3       The facts in the instant case will show that the defendant was a relatively young person,

4  inexperienced, a citizen of Mexico, and was held basically *incommunicado* for several hours before

5  being questioned, was extremely frightened to the point where he was willing to admit to

6  practically anything, even if it was untrue.

7       The government will not be able to show by a preponderance of the evidence that the

8  alleged inculpatory statement or confession of Defendant Alonso was voluntary.

9                                        Respectfully submitted,

10

11                                       *s/Lynn H. Ball*

12  Date: <u>August 11, 2008</u>          _____

13                                       Lynn H. Ball
                                         Attorney for Jovann Alonso-Perez
14                                       E-mail: lhball@sbcglobal.net

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                            -4-                Case No. 08-CR-2352-LAB

1   LYNN H. BALL, ESQ.
    Bar No. 056497
2   1560 Scott Street
    San Diego, CA 92106-2333
3   (619) 225-1914
    (619) 225-1720 - Fax
4
    Attorney for Defendant Jovann Alonso-Perez
5

6

7

8                   IN THE UNITED STATES DISTRICT COURT

9               FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,       )     Crim. Case No. 08-CR-2352-LAB
                                      )
12                   Plaintiff,       )     **POINTS AND AUTHORITIES IN**
                                      )     **SUPPORT OF LEAVE TO FILE**
13   vs.                             )     **ADDITIONAL MOTIONS**
                                      )
14   JOVANN ALONSO-PEREZ,            )
                                      )
15                   Defendant.       )     Date:  August 25, 2008
                                      )     Time:  2:00 p.m.
16                                    )     Department:  Judge Burns
                                      )
17   _____)

18

19                          STATEMENT OF FACTS

20        On July 4th at about 10:30 p.m., Defendant Jovann Alfredo Alonso-Perez was a passenger

21   in a 1992 Lexus being driven by co-defendant Aldo Miramontes.  Another passenger was a

22   fourteen-year old cousin of Jovann Alonso named José Daniel Torres-Alonso.  Suddenly, lights

23   were flashed on as they were driving in Highway 111 and a Jeep full of ICE and Customs Agents

24   pulled over the Lexus and the Lexus promptly stopped.  The doors were opened and several ICE

25   officers jerked all the passengers out, threw them on the ground and handcuffed them.  They were

26   taken to headquarters in El Centro, held in jail cells and subsequently, the juvenile was released

27   sometime after midnight.  Defendant Jovann Alonso was questioned at least twice and gave a

28

statement allegedly stating that he was part of the scout vehicle for a marijuana-smuggling operation.

Defendant Alonso contends that he had told the agents that he was part of a scout vehicle only as a result of coercion and pressure and that in fact, he knew nothing about the marijuana. The discovery provided to date only says in very summary fashion that it was determined that the Lexus was the scout vehicle and was therefore stopped and the occupants arrested; however, there are no facts stated indicating what facts gave the officers reasonable cause to believe that the Lexus was a scout vehicle.

### I. MOTION FOR PERMISSION TO FILE ADDITIONAL MOTIONS.

It is requested that defendant have the opportunity to file additional Motions if issues are raised in discovery that merit such motions.

Respectfully submitted,

*s/Lynn H. Ball*

Date: <u>August 11, 2008</u>

_____
Lynn H. Ball
Attorney for Jovann Alonso-Perez
E-mail: lhball@sbcglobal.net

-2-                    Case No. 08-CR-2352-LAB

1

**PROOF OF SERVICE**
C.C.P. §1013(A), C.R.C. 2003(3), 2005(i)

2

3  UNITED STATES OF AMERICA, STATE OF CALIFORNIA, COUNTY OF SAN DIEGO
*USA V. JOVANN ALONSO-PEREZ*
*UNITED STATES DISTRICT COURT*
4  *CASE NO.  08-CR-2352-LAB*

5      I, the undersigned, certify and declare that I am a citizen of
the United States, over the age of eighteen years, employed in the
6  County of San Diego, State of California, and not a party to this
within action.   My business address is 1560 Scott Street, San
7  Diego, CA 92106.

8      On August 11, 2008, I served the foregoing documents described
as **NOTICE OF MOTION AND MOTION FOR (1) DISCOVERY (2) TO SUPPRESS**
9  **DUE TO ILLEGAL SEIZURE (3) TO SUPPRESS STATEMENTS (4) AND LEAVE TO**
**FILE FURTHER MOTIONS; POINTS AND AUTHORITIES IN SUPPORT** on all
10  interested parties in this action by electronically filing the
foregoing with the Clerk of the District Court using its ECF
11  System, which electronically notifies them:

12          David D. Leshner, AUSA
U.S. Attorney's Office
13          Southern District of California, Criminal Division
880 Front Street, Room 6293
14          San Diego, CA 92101
619-557-7163
15          david.leshner@usdoj.gov/

16  _____ **BY MAIL:** I am "readily familiar" with the firm's practice of
collection and processing correspondence for mailing.  Under that
17  practice, it would be deposited with the U.S. Postal Service on the
same day with postage thereon fully prepaid at San Diego,
18  California, in the ordinary course of business.  I am aware that on
motion of the party served, service is presumed invalid of postal
19  cancellation date or postage meter date is more than one day after
date of deposit for mailing in affidavit.
20  __x___ **FEDERAL:**  I declare that I am employed in the office of a
member of the Bar of this Court, at whose direction the service was
21  made.
    I hereby certify that I have caused to be mailed the
22  foregoing, by the United States Postal Service, to the following
non-ECF participants on this case:
23      None
the last known address, at which place there is delivery service of
24  mail from the United States Postal Service.
    **EXECUTED** on August 11, 2008, at San Diego, California.
25      I declare under penalty of perjury that the foregoing is true
and correct.
26

27

28                                    _____
                                       Audrey Tomaselli